AUSTIN KNUDSEN
Montana Attorney General
KRISTIN HANSEN
  *Lieutenant General*
DAVID M.S. DEWHIRST
  *Solicitor General*
BRENT MEAD
  *Assistant Solicitor General*
ALWIN LANSING
  *Assistant Attorney General*
215 North Sanders
P.O. Box 201401
Helena, MT 59620-1401
Phone: 406-444-2026
Fax: 406-444-3549
david.dewhirst@mt.gov
brent.mead2@mt.gov
alwyn.lansing@mt.gov

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| Montana Democratic Party, Montanans for Tester, Macee Patritti,<br><br>Plaintiffs,<br><br>v.<br><br>Christi Jacobsen, in her official capacity as Montana Secretary of State, Jeffrey Mangan, in his official capacity as Montana Commissioner of Political Practices,<br><br>Defendants. | CV-21-119-M-DWM<br><br>**DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(4) and (5)** |

Defendants Christi Jacobsen and Jeffrey Mangan, in their official capacities (collectively, the "State"), appear for the limited purpose of moving to dismiss the complaint under Fed. R. Civ. P. 12(b)(4) and (5) for insufficient process and service of process.[1]

Failure to properly serve the defendants under Rule 4 strips the court of jurisdiction. *See Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Defendants may "challenge irregularities in the contents of the summons (Rule 12(b)(4)) and irregularities in the manner of delivery of the summons and complaint (Rule 12(b)(5))." *Chilicky v. Schweiker*, 796 F.2d 1131, 1136 (9th Cir. 1986). Defendants must be served in compliance with Rule 4 to give them adequate notice and grant the court personal jurisdiction over them. *See Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 350 (1999) ("Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named

---

[1] The State filed a concurrent Notice of Limited Appearance for the sole purpose of this motion to dismiss. Due to Plaintiffs' defective service, the State has not yet appeared in this case. The State therefore contends that it is exempted from the requirement in the local rules requiring it to—after appearing in a case—contact Plaintiffs and solicit their position on a motion such as this. *See* Local Rule 7.1(c)(1). The State understands, however, that Plaintiffs and their counsel will be notified of this motion instantaneously through the Court's electronic filing system.

defendant."). "Mere notice that a lawsuit is pending is not sufficient." *Razavi v. Regis Corp.*, 2016 WL 97438, 4 (N.D. Cal. 2016) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987)). Plaintiffs must serve a copy of the complaint with the summons. Fed. R. Civ. P. 4(c). Absent defendants' agreement to waive service, Rule 4's strictures remain "the *sine qua non* directing an individual or entity to participate in a civil action …." *Michetti Pipe Stringing*, 526 U.S. at 351. Of course, Rule 4(c)'s requirement that plaintiffs serve a summons and copy of the complaint inherently requires that the complaint be legible and complete. And it is here where Plaintiffs failed to comply with Rule 4(c).

Plaintiffs here have not come before the Court pro se. To the contrary, they are represented by nationally recognized attorneys who long ago cemented their hard-fought reputations by boldly pressing the outer boundaries of advocacy on behalf of their clients. So any special considerations the State or this Court might afford to pro se plaintiffs do not apply. Plaintiffs here ran afoul of Rule 4 by providing defective copies of the complaint to Defendants. Significant portions of these complaint copies were totally unreadable due to poor printing quality. *See* McLaughlin

Affidavit, Exhibit 1 (portions of the complaint are bleached out and unreadable); *see also* Mangan Affidavit, Exhibit 2.[2]

But there's more; well, actually there's less. The complaint served on the State (via the Attorney General) is a complaint in its purest form. *See* Standish Affidavit, Exhibit 3. It only complains. This copy includes only 16 pages of the complaint and—from what is legible—contains no claims for relief at all. Setting aside Plaintiffs' unquestioned right to petition government for the redress of grievances, *see De Jonge v. Oregon*, 299 U.S. 353, 365, 57 S. Ct. 255, 260 (1937), the State cannot be forced into court if the plaintiffs don't explain why and how those grievances can be redressed.

From press reports, it appears that Plaintiffs make sweeping accusations about supposed assaults on the State's democratic institutions.[3] Though understandably skeptical, the State would like to read more.

---

[2] Courts may consider evidence outside the pleadings, such as affidavits, depositions, and oral testimony, in resolving a Rule 12(b)(5) motion. *Fairbank v. Underwood*, 986 F. Supp. 2d 1222, 1228 (D. Or. 2013); *accord Galilea v. Pantaenius Am.*, 2020 WL 9188643, 8 (D. Mont. Sept. 25, 2020).

[3] *See* Alex Sakariassen, *Democrats challenge law restricting campus political activity*, Montana Free Press (Oct. 12, 2021). Notably, given that the media quotes extensively from the complaint, the Plaintiffs apparently provided complete, legible, copies of their complaint to the press.

That, unfortunately, is impossible due to the illegible and incomplete service copies of the complaint. As the Court well knows, our democracy depends on the robust adherence to the rule of law. And the rule of law is jeopardized when the State is unable to defend attacks on its democratically enacted laws. Such is the case with defective service; such is the case here. The State cannot be forced to defend a challenge it must first decode. This is a civil action, not a Dan Brown novel.

For the aforementioned reasons, the State respectfully requests that the Court dismiss this case pursuant to Fed. R. Civ. P. 12(b)(4) and (b)(5).

DATED this 3rd day of November, 2021.

> AUSTIN KNUDSEN
> Montana Attorney General
>
> KRISTIN HANSEN
>   *Lieutenant General*
>
> DAVID M.S. DEWHIRST
>   *Solicitor General*
>
> */s/ Brent Mead*
> BRENT MEAD
>   *Assistant Solicitor General*
> 215 North Sanders
> P.O. Box 201401
> Helena, MT 59620-1401
> p. 406.444.2026
> brent.mead2@mt.gov
> *Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this date, an accurate copy of the foregoing document was served electronically through the Court's CM/ECF system on registered counsel.

Dated:   November 3, 2021        /s/ *Brent Mead*
                                 BRENT MEAD