IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MONTANA DEMOCRATIC PARTY, MONTANANS FOR TESTER, and MACEE PATRITTI,  Plaintiffs,  vs.  CHRISTI JACOBSEN, in her official capacity as Montana Secretary of State, and JEFFREY MANGAN, in his official capacity as Montana Commissioner of Political Practices,  Defendants. | CV 21–119–M–DWM  ORDER |

On October 12, 2021, Plaintiffs Montana Democratic Party, Montanans for Tester, and Macee Patritti (collectively "Plaintiffs") filed suit against Defendants Christi Jacobsen in her official capacity as Montana Secretary of State ("Jacobsen") and Jeffrey Mangan in his official capacity as Montana Commissioner of Political Practices ("Mangan") (collectively "Defendants"). (Doc. 1.) Summonses were issued, (Docs. 2, 3), and proof of service was provided to the Court on October 31, 2021, (Doc. 7).

1

On November 3, 2021, Defendants filed a notice of limited appearance, (Doc. 8), and moved to dismiss the action for insufficient process and insufficient service of process under Rule 12(b)(4) and (5) of the Federal Rules of Civil Procedure, (Doc. 9). That motion is premised on the fact that the pleading served on the Montana Attorney General was incomplete, (*see* Doc. 13), and the pleadings served on Jacbosen and Mangan were illegible, (*see* Docs. 11, 12). Apparently when the complaint was served the photocopier or printer must have been low on ink which caused multiple pages of the complaint to be unreadable.

While Defendants are technically correct that the summons must contain a readable copy of the complaint, Fed. R. Civ. P. 4(c)(1), in a collegial bar more is expected than what is set forth in the pleadings filed by the Attorney General's office. Rule 1 directs courts and litigants to construe the Rules "to secure the just, speedy, and inexpensive determination of every action." There are occasions, such as the current situation, that the telephone can accomplish as much or more than a diatribe focused on an easily correctable technical problem. Moreover, there is a "strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). While technically correct, the flavor of Defendants' motion is a dark harbinger of the unwelcome idea that litigation is a zero-sum "game." The people of Montana and the parties in this litigation are entitled to a resolution of the claims in this case

consistent with the purpose of the Federal Rules of Civil Procedure and on the merits.

Ultimately, Plaintiffs' updated service of process has mooted Defendants' pending motion to dismiss. (*See* Docs. 14, 16.) But this case is far from over and in a collegial bar there are simpler ways to deal with problems in litigation than filing snide briefing or unnecessary, though technically correct motions. The parties are directed to focus on the legal issues and to avoid subsidizing their arguments with vexatious rhetoric. Some of the lawyers on both sides may be new to the practice of law in Montana but getting off on the wrong foot is not a good way to begin any case. Counsel should keep in mind that this case will be tried on the merits and in the courtroom, not in the newspapers.

IT IS ORDERED that Defendants' motion to dismiss (Doc. 9) is DENIED as MOOT.

IT IS FURTHER ORDERED that Defendants' response to Plaintiffs' complaint is due on or before November 19, 2021.

DATED this  16th  day of November, 2021.

10:15 AM

Donald W. Molloy, District Judge
United States District Court