IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MONTANA DEMOCRATIC PARTY, MONTANANS FOR TESTER, and MACEE PATRITTI, | CV 21–119–M–DWM |
| Plaintiffs, | ORDER |
| vs. | |
| CHRISTI JACOBSEN, in her official capacity as Montana Secretary of State, and JEFFREY MANGAN, in his official capacity as Montana Commissioner of Political Practices, | |
| Defendants. | |

A preliminary pretrial conference in this case was held on January 6, 2022, in Missoula, Montana. Plaintiff was represented by Peter M. Meloy. Defendant was represented by Brent Mead. After discussion and upon the agreement of the parties, the following order is entered.

1.      **The following schedule will govern all further pretrial proceedings:**

Deadline for Amending Pleadings:           January 18, 2022

Disclosure of Plaintiff's
Damages Experts and Simultaneous
Disclosure of Liability Experts:              March 1, 2022
Disclosure of Defendant's
Damages Experts:                              April 1, 2022

| | |
|---|---|
| Discovery Deadline: | May 6, 2022 |
| Motions Deadline (including motions *in limine*) (fully briefed): | June 3, 2022 |
| Attorney Conference to Prepare Final Pretrial Order: | week of July 11, 2022 |
| File Proposed Final Pretrial Order, Proposed Findings of Fact/Conclusions of Law, and Trial Briefs and e-mail to dwm_propord@mtd.uscourts.gov (Trial Briefs are optional): | July 18, 2022 |
| Notice to Court Reporter of Intent to Use Real-Time: | July 18, 2022 |
| Notice to I.T. Supervisor of Intent to Use Electronic Exhibits or Videoconferencing: | July 18, 2022 |
| Final Pretrial Conference and Bench Trial: | July 25, 2022, at 9:00 a.m.[1] Russell Smith Federal Courthouse Missoula, Montana |

**The Court will not continue the above deadlines absent compelling reasons.**

**The parties may stipulate to the extension of any of the above deadlines that**

**precede the motions deadline.  The parties need not inform the Court of such**

**stipulations, and the Court will not issue an order to confirm or adopt such**

---

[1] Pursuant to 18 U.S.C. § 3161(h) and Federal Rule of Criminal Procedure 50, criminal matters take priority over civil matters in the event of a conflict. Accordingly, all civil trial settings are subject to the Court's criminal calendar.

**stipulations.  Parties seeking a continuance of the motions deadline or any subsequent deadline must file a motion with the Court.  Such motions will not be granted absent compelling reasons, which do not include delay attributable to the parties' stipulated extensions.**

NOTE: In all documents filed with the Court, the parties shall not use any acronyms or initialisms.

**IT IS FURTHER ORDERED:**

**2.  Local Rules and Electronic Filing.**  Parties are advised that revised Local Rules for the District of Montana became effective December 1, 2019, and apply in all cases pending when changes become effective.  In addition, all counsel must register and file electronically unless good cause can be shown.  Fed. R. Civ. P. 5(d)(3)(A).  Further information is available on the Court's website, www.mtd.uscourts.gov, or from the Clerk's Office.  *See also* L.R. 1.4.

**3.  Amended Pleadings.**  A party seeking to amend the pleadings after the date specified in paragraph 1 must show "good cause" for amendment under Federal Rule of Civil Procedure 16(b)(4).  Only when that showing has been made will the Court consider whether amendment is proper under Federal Rule of Civil Procedure 15.

**4.  Stipulations.**  Pursuant to Federal Rule of Civil Procedure 16(c)(2)(C), the following facts are admitted and agreed upon:

3

a.   Plaintiff Montana Democratic Party is a political party established under
     Mont. Code Ann. §§ 13–38–101, *et seq.*

b.   Montana Democratic Party's mission is to elect Democratic Party candidates
     in local, county, state, and federal elections within the state of Montana.

c.   Plaintiff Montanans for Tester is the principal campaign committee of
     Senator Jon Tester.

d.   Plaintiff Montanans for Tester's mission is to support the election and re-
     election of Jon Tester to the United States Senate.

e.   Defendant Secretary of State Christi Jacobsen is Montana's chief election
     officer.

f.   Defendant Secretary of State Christi Jacobsen is charged with enforcing and
     maintaining uniformity in the state's election laws.

g.   Defendant Commissioner of Political Practices Jeffrey Mangan is charged
     with investigating alleged violations of Montana's election laws.

h.   In 2020, Montana saw its highest voter turnout, in terms of the percentage of
     registered voters casting a ballot, since 1972.

i.   In 2020, over 80 percent of registered voters in Montana case a ballot.  In
     2020, Republican Presidential Candidate Donald Trump received 343,602
     votes or 57 percent of the vote.  Republican Senator Steve Daines received
     333,174 votes, or 55 percent of the vote.  Republican Congressman Matt

4

Rosendale received 339,169 votes, or 56 percent of the vote. Republic

Governor Greg Gianforte received 328,548 votes, or 54 percent of the vote.

Republican Secretary of State Christi Jacobsen received 352,939 votes, or 60

percent of the votes. Attorney General Austin Knudsen received 348,322

votes, or 59 percent of the vote. State Auditor Troy Downing received

326,742 votes, or 55 percent of the vote. State Superintendent of Public

Instruction Elsie Arntzen received 310,111 votes or 52 percent of the vote.

Each of the above candidates received more votes for their respective office

than any candidate for that same office in the 2012 or 2016 general

elections.

j.    The 2021 Montana legislature passed Senate Bill 319 ("SB 319"). SB 319,

Section 21 reads as follows:

**Political activity in public postsecondary institution residence hall,
dining facility, or athletic facility -- prohibition -- exceptions -- penalty.**

(1) A political committee may not direct, coordinate, manage, or conduct
any voter identification efforts, voter registration drives, signature collection
efforts, ballot collection efforts, or voter turnout efforts for a federal, state,
local, or school election inside a residence hall, dining facility, or athletic
facility operated by a public postsecondary institution.

(2) Nothing in this section may be construed as prohibiting any
communications made through mail, telephone, text messages, or electronic
mail inside a residence hall, dining facility, or athletic facility or any
political advertising made through radio, television, satellite, or internet
service. Nothing in this section may be construed as prohibiting an
individual from undertaking or participating in any activity for a federal,

state, local, or school election if the activity is undertaken at the individual's exclusive initiative.

(3) A person who resides in a residence hall operated by a public postsecondary institution or who regularly uses a dining hall operated by public postsecondary institution, a candidate for office in a federal, state, local, or school election, or a political committee engaged in a federal, state, local, or school election may institute an action in any court of competent jurisdiction to prevent, restrain, or enjoin a violation of this section.

(4) A political committee that violates this section is subject to a civil penalty of $1,000 for each violation. Each day of a continuing violation constitutes a separate offense.

(5) For the purposes of this section, "public postsecondary institution"" means:

> (a) a unit of the Montana university system as described in 20-25-201; or
> (b) a Montana community college defined and organized as provided in 20- 15-101.

k.   Senate Bill 219 was first introduced by Senator Greg Hertz on February 19, 2021.

l.   After Senate Bill 219 was introduced, it was referred to the Senate's Sate Administration Committee.

m.   SB 319 received a committee hearing on February 26, 2021.

n.   SB 319 passed out of the State Administration Committee on March 1, 2021.

o.   SB 319 passed out of the Montana Senate on March 2, 2021.

p.    After passing the Senate, SB 319 moved to the Montana House of

     Representatives, where it was referred to the House's State Administration

     Committee.

q.    SB 319 received a Committee hearing on March 17, 2021, passed out of the

     State Administration Committee with amendments on March 23, 2021, and

     returned to the Senate, as amended, on April 6, 2021.

r.    On April 23, 2021, the Senate rejected the House's amendments to SB 319.

s.    Montana Legislative rules provide for the appointment of free conference

     committees under Joint Rule 30-30 to consider amendments.

t.    On April 23, 2021, the Senate appointed a free conference committee on SB

     319.  On April 26, 2021, the House appointed a like committee.

u.    The free conference convened to consider SB 319 on April 27, 2021.

v.    The free conference committee hearing lasted 18 minutes and adopted four

     amendments to SB 319, including section 21.

w.    SB 319, as amended, was adopted by both the House and Senate on April

     28, 2021, and signed by the Governor on May 12, 2021.

x.    The amendment that became Section 21 was offered by State Senator Steve

     Fitzpatrick.

y.    A recording of the SB 319 free conference committee hearing is available

     online at https://sg001-

harmony.sliq.net/00309/Harmony/en/PowerBrowser/PowerBrowserV2/2021
0427/-1/43496.  The recording serves as the best evidence of the statements
of individual legislators made during the free conference committee hearing.

**5.  Cooperation and Proportionality.**  The lawyers and the parties are responsible
for securing the "just, speedy, and inexpensive determination" of this proceeding.
Fed. R. Civ. P. 1.  Discovery is to be proportional to the reasonable needs of the
case.  Fed. R. Civ. P. 26(b)(1).

**6.  Discovery Exhibits.**  During discovery, deposition exhibits shall be numbered
seriatim.  Numbers used for exhibits during depositions must be used at trial for the
same exhibit.

**7.  30(b)(6) Depositions.**  Prior to any Rule 30(b)(6) deposition, the parties must
meet and confer to identify each person the organization will designate to testify
and the topic areas that will be addressed.

**8.  Foundation & Authenticity of Discovery Items.**  Pursuant to Federal Rule of
Civil Procedure 16(c)(2)(C), the parties stipulate to the foundation and authenticity
of all discovery items produced in pre-trial disclosure and during the course of
discovery.  However, if counsel objects to either the foundation or the authenticity
of a particular discovery item, then counsel must make a specific objection to
opposing counsel, in writing, prior to the deadline for the close of discovery.  If a
discovery item is produced and the producing party objects either to its foundation

8

or authenticity, the producing party shall so state, in writing, at the time of production. This stipulation extends only to the document itself, not to foundation for witnesses discussing the document at trial. All other objections are reserved for trial. Failure to comply with this provision constitutes a waiver of any foundation or authenticity objection at trial.

**9. Supplementation of Discovery Responses.** Pursuant to Federal Rule of Civil Procedure 26(e), the parties have an affirmative obligation to supplement all discovery responses, as necessary, throughout the course of the litigation.

**10. Discovery Disputes.** Discovery disputes will be resolved through standard motions practice. The Court does not entertain informal discovery resolution and the parties should not contact chambers directly. *Compare with* Fed. R. Civ. P. 16(b)(3)(B)(v). Prior to filing a motion to compel discovery, counsel must advise the client that the loser will pay the opposing party's associated fees and costs. *See* Fed. R. Civ. P. 37(a)(5). Counsel must certify its compliance with this requirement in the motion. In addition, at the time the motion is fully-briefed, both parties shall file affidavits with the Court detailing their known fees and costs associated with the motion.

**11. Experts.** The parties informed the Court that they may engage experts in the following areas:

Plaintiff:     election

Defendant:   election

Experts, if engaged, must be disclosed in accordance with the time limits set forth

in paragraph 1.

**12. Expert Disclosure.**

   (a)   Retained or Specially Employed.

   Each party is responsible for ensuring that expert reports for any witness

who is retained or specially employed to provide expert testimony in the case, or

whose duties as an employee of a party involve giving expert testimony, are

complete, comprehensive, accurate, and tailored to the issues on which the expert

is expected to testify.  Expert reports must satisfy the specific requirements of

Federal Rule of Civil Procedure 26(a)(2)(B).

   (b)   Other Witnesses Who Will Present Expert Testimony.

   With respect to those expert witnesses not required to provide a written

report, pursuant to Rule 26(a)(2)(C), a party must still serve a written disclosure,

identifying the evidence and stating:

>   (i) the subject matter on which the witness is expected to present

>   evidence under Federal Rule of Evidence 702, 703, or 705; and

>   (ii) a summary of the facts and opinions to which the witness is

>   expected to testify.

(c)  Objections to the timeliness or sufficiency of a Rule 26(a)(2) report or disclosure must be filed in the form of a motion within fourteen (14) days of the disclosure date set forth in paragraph 1, or the objection will be deemed waived. An inadequate report or disclosure may result in exclusion of the expert's opinions at trial even though the expert has been deposed.  In this regard, a treating physician is not considered a retained expert witness unless the testimony offered by the treating physician goes beyond care, treatment, and prognosis.  If the treating physician's testimony goes beyond care, treatment, and prognosis then there must be full compliance with the disclosure requirements of Federal Rule of Civil Procedure 26(a)(2)(B).  All other objections to expert testimony may be lodged according to general motion's practice.

**13.  Rebuttal Experts.**  Any evidence intended solely to contradict or rebut evidence on the same subject matter identified by another party as testimony or evidence to be offered by a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of a party in the case involve giving expert testimony, must be disclosed within thirty (30) days of the date set forth in paragraph 1 for expert disclosure.  Fed. R. Civ. P. 26(a)(2)(D)(ii).

**14.  Supplementation of Incomplete or Incorrect Expert Reports.** Supplemental disclosures by a witness who is retained or specially employed to provide expert

11

testimony in the case or whose duties as an employee of a party in the case involve

giving expert testimony, whose report or deposition is <u>incomplete</u> or <u>incorrect,</u>

through no fault of the proponent or expert witness, must be disclosed no later than

ninety (90) days before the date set for trial set forth in paragraph 1.

**15. Motions.**  Pursuant to Federal Rule of Civil Procedure 16(b)(3)(A), all

dispositive motions, discovery motions, and motions in limine shall be fully

briefed by the date set forth in paragraph 1.  "Fully briefed" means that the brief in

support of the motion and the opposing party's response brief are filed with the

Court.  **If the parties can reach an agreement concerning the use of certain**

**confidential and financial commercial information there is no need to seek a**

**protective order from this Court.  Unless the parties can show that a**

**negotiated and signed stipulation is insufficient to protect their interests, no**

**order of this Court will be forthcoming concerning protective orders.**

**16. Unopposed Motions.**  Unopposed motions shall be accompanied by a

proposed order, separate from the motion.  The proposed order shall be filed under

the heading "Text of Proposed Order" and e-mailed to

dwm_propord@mtd.uscourts.gov.  The proposed order shall be a Word document

and adhere to the standards set out in Standing Order No. DLC-13.  Failure to

comply with this procedure will result in delayed resolution of the unopposed

motion.

**17. Hearings & Oral Arguments.** Parties shall provide an alphabetized index of cases expected to be referenced, with citations, to the Court Reporter immediately prior to any oral argument or hearing.

**18. Bench Trial.** Bench trial of this case shall be conducted in Missoula, Montana, before the Honorable Donald W. Molloy. Trial is estimated to last 3-4 days.

**19. Attorney Conference for Trial Preparation.** If the case does not settle, counsel for Plaintiff shall convene an attorneys' conference during the week indicated in paragraph 1, or before, to complete the Final Pretrial Order, to exchange exhibits and witness lists, and to complete or plan for the completion of all items listed in L.R. 16.4(b). The Final Pretrial Order shall comply with the form prescribed by Federal Rule of Civil Procedure 26(a)(3)(A)(i)–(iii) and Local Rule 16.4. Except for relevancy, objections to the use or designation of deposition testimony are waived if they are not disclosed on the opposing party's witness list, and objections to exhibits are waived if they are not disclosed on the opposing party's exhibit list. *See generally* Forms D, E, and F, Local Rules Appendix C.

**20. Trial Exhibits.**

(a)    Counsel shall electronically exchange exhibits (by CD, DVD, e-mail, or other agreed upon method) with opposing counsel prior to the final pretrial

conference.  Counsel must provide a binder of paper copies of the exhibits upon request of opposing counsel.

(b)    Each exhibit must show the number of the exhibit.  If paper copies of the exhibits are exchanged, the binders must bear an extended tab showing the number of the exhibit.  The exhibit list must identify those exhibits the party expects to offer and those the party may offer if the need arises.  Fed. R. Civ. P. 26(a)(3)(A)(iii); Form F, Local Rules Appendix C.

(c)    Exhibits marked for use at trial that have not been numbered in discovery shall be marked by Plaintiff using an agreed upon range of arabic numbers and by Defendant using a different agreed upon range of arabic numbers.

(d)    Each exhibit must be paginated, including any attachments thereto. Exhibits shall not be duplicated.  An exhibit may be used by either of the parties.

(e)    Counsel shall file with the Court a CD or DVD of the exhibits, as well as one paper copy of the exhibits.  The paper copy shall be formatted as described in (b), above.  The electronic files and paper copy shall be delivered to the chambers of Judge Donald W. Molloy on or before the date of the final pretrial conference.

(f)    Failure to comply with (a) through (e) above may result in the exclusion of the exhibit at trial.

14

**21. Final Pretrial Order.** The parties shall file the proposed Final Pretrial Order and e-mail a copy in Word format to dwm_propord@mtd.uscourts.gov, by the date indicated in paragraph 1. Once filed and signed by the Court, the Final Pretrial Order supersedes all prior pleadings and may not be amended except by leave of court for good cause shown.

**22. Final Pretrial Conference.** Counsel for the parties shall appear before the Court in chambers at Missoula, Montana, for the final pretrial conference on the date and time set forth in paragraph 1. Each party should bring Judge Molloy's copy of its trial exhibits if not already delivered to chambers.

**23. Trial Briefs.** Trial briefs are optional but if filed must be received by the Court by the date indicated in paragraph 1.

**24. Expert Reports.** The parties shall provide the Court with one thumbdrive[2] containing a PDF of the expert reports and Rule 26(a)(2)(C) disclosures for all testifying expert witnesses at or before the final pretrial conference. The PDF shall contain a table of contents with hyperlinks to each individual document. The parties shall also provide a binder containing hard copies of the expert reports and Rule 26(a)(2)(C) disclosures for all testifying expert witnesses. The documents may be duplexed but must be individually tabbed and include a table of contents.

**25. Proposed Findings of Fact & Conclusions of Law.**

---

[2] Court policy requires that the thumb drive be brand new and not previously used.

(a)     The parties shall jointly prepare one copy of proposed Findings of

Fact upon which they agree, with citations to the record for each Finding of Fact.

Each party may also prepare a separate proposed Findings of Fact with citations to

the record for each Finding of Fact for matters upon which the parties cannot reach

agreement.

(b)     The parties shall jointly prepare one copy of proposed Conclusions of

Law upon which they agree, with appropriate citations for each Conclusion of

Law.  Each party may also prepare a separate proposed Conclusions of Law with

appropriate citations for each Conclusion of Law for matters upon which the

parties cannot reach agreement.

(c)     By the date indicated in paragraph 1, the parties shall:

(1)     file a copy of the Proposed Findings of Fact & Conclusions of

Law on CM/ECF;

(2)     e-mail a copy in Word format to

dwm_propord@mtd.uscourts.gov; and

(3)     provide a thumb drive copy containing hyperlinks to the

exhibits referenced therein.  The thumb drive must not have been used before.

**26. Calling a Witness at Trial.**

When a witness is called to testify at trial, counsel shall provide to the Clerk of Court four (4) copies of a single page document, *see* Form I, Local Rules Appendix C, providing the following information about the witness:

i) the full name and current address of the witness;

ii) a brief description of the nature and substance of the witness's testimony;

iii) date witness was deposed or statement taken; and

iv) a listing of each exhibit to which the witness may refer during direct examination.

**IT IS FURTHER ORDERED that Defendants have until January 18, 2022 to notify the Court if they want to maintain their demand for a jury trial. Such notice, if any, must also include legal authority supporting such a demand.**

DATED this _6th_ day of January, 2022.

Donald W. Molloy, District Judge
United States District Court