# Exhibit A



COPY

FILED
Clerk of District Court
MAY 0 4 2022
ANGIE SPARKS, Clerk
By C COLBERT

RECEIVED
MAY 9 2022
ATTORNEY GENERALS OFFICE
HELENA, MONTANA

MONTANA FIRST JUDICIAL DISTRICT COURT
LEWIS AND CLARK COUNTY

| | |
|---|---|
| FORWARD MONTANA, LEO GALLAGHER, MONTANA ASSOCIATION OF CRIMINAL DEFENSE LAWYERS, GARY ZADICK, <br><br> PLAINTIFFS, <br><br> v. <br><br> THE STATE OF MONTANA, BY AND THROUGH GREAT GIANFORTE, GOVERNOR, <br><br> DEFENDANT. | Cause No. ADV-2021-611 <br><br> **ORDER** |

Upon consideration of Defendant's Motion for Rule 54(b) Certification, the Court hereby enters final judgment on Claims I and II as ordered in its February 3, 2022, Order on Motion for Summary Judgment. The Court also certifies this judgment for immediate appeal to the Montana Supreme Court under Rule 54(b) of the Montana Rules of Civil Procedure.

### STATEMENT OF FACTS

Plaintiffs challenged Senate Bill 319 ("SB 319") on numerous constitutional grounds, including challenges under Article V, Section 11(1) and Section 11(3) of the Montana Constitution. (Doc. 5 at 12–15 (Claims I & II). They also assert challenges under the Article II, Sections 6 and 7 of the Montana Constitution (Claim III), Article II, Sections 16, 17, and 24 of the Montana Constitution (Claim V), and under the First Amendment of the United States Constitution (Claims Four and Six). (Doc. 5 at 15–20).



Plaintiffs moved for partial summary judgment on Claims I and II. (Doc. 39). The State moved to stay consideration of the summary judgment motion under Mont. R. Civ. P. 56(f) to allow for discovery. (Doc. 43). The Court denied the State's Rule 56(f) motion and set a briefing and hearing schedule on the partial motion for summary judgment. (Doc. 67).

Briefing on the partial motion for summary judgment completed on January 4, 2022. (Doc. 82). The Court issued its Order granting the motion on February 3, 2022. (Doc. 93).

In that Order, the Court concluded SB 319 violated both the single-subject rule embodied in Article V, Section 11(3) of the Montana Constitution and the command that no bill shall be so amended to change its original purpose found in Article V, Section 11(1). (Doc. 93 at 9). The Court severed Sections 21 and 22 of SB 319 from the remainder of the bill. (Doc. 93 at 10). The effect of the Order is to grant Plaintiffs a permanent injunction against SB 319 Sections 21 and 22.

## LEGAL STANDARD

A district court may direct final entry of judgment as to one or more, but fewer than all, claims in an action only if the court expressly determines that there is no just reason for delay. Mont. R. Civ. P. 54(b)(1). The district court must also "balance the competing factors present in the case to determine if it is in the interest of sound judicial administration and public policy to certify the judgment as final, and the court shall ... articulate in its certification order the factors upon which it relied in granting certification ...." Mont. R. App. P. 6(6); *see also* Mont. R. Civ. P. 54(b)(2).

The reviewing court will ordinarily consider the following factors when considering a Rule 54(b) certification:

> 1. The relationship between the adjudicated and unadjudicated claims;
> 2. the possibility that the need for review might or might not be mooted by future developments in the district court;
> 3. the possibility that the reviewing court might be obliged to consider the same issue a second time;
> 4. the presence or absence of a claim or counterclaim which could result in a setoff against the judgment sought to be made final;
> 5. miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, triviality of competing claims, expense, and the like.

*Roy v. Neibauer*, 188 Mont. 81, 87, 610 P.2d 1185, 1189 (1980). Further, the district court must follow three guiding principles:

> (1) the burden is on the party seeking final certification to convince the district court that the case is the "infrequent harsh case" meriting a favorable exercise of discretion; (2) the district court must balance the competing factors present in the case to determine if it is in the interest of sound judicial administration and public policy to certify the judgment as final; (3) the district court must marshall and articulate the factors upon which it relied in granting certification so that prompt and effective review can be facilitated.

*Rogers v. Lewis & Clark Cty.*, 2020 MT 230, ¶ 11, 401 Mont. 2228, 472 P.3d 171 (citing *Kohler v. Croonenberghs*, 2003 MT 260, ¶ 16, 317 Mont. 413, 77 P.3d 531).

## ANALYSIS

There is no just reason to delay appeal of Claims I and II in this case.

The Order entered on February 3, 2022, decides the full scope of relief to which Plaintiffs are entitled. Plaintiffs sought declaratory and injunctive relief against all aspects of SB 319. (Doc. 5 at 22). The Court's Order declared SB 319 violative of Article V, Section 11(1) and Section 11(3) of the Montana Constitution and enjoins enforcement of those sections. (Doc. 93 at 9, 11). By severing SB 319 Sections 21 and

ORDER | 3

22, the Court also precluded Plaintiffs from additional injunctive relief for the remaining sections of SB 319. (Doc. 93 at 10). Plaintiffs do not raise any additional claims challenging the remaining sections. (Doc. 5).

It is, therefore, unnecessary to reach the remaining constitutional questions. *See Sunburst Sch. Dist. No. 2 v. Texaco, Inc.*, 2007 MT 183, ¶ 62, 338 Mont. 259, 165 P.3d 1079. Adjudication of the remaining claims by the Court at this stage will not afford Plaintiffs any more or less relief than that granted by the February 3, 2022, Order.

The Court determined the full scope of relief afforded to Plaintiffs and the wisest and most efficient use of judicial resources at this stage is to certify its Order for immediate appeal.

"Ideally the facts and theories separated for immediate appeal should not overlap with those retained ...." *Weinstein v. Univ. of Mont.*, 271 Mont. 435, 898 P.2d 101, 105, (1995) (quoting *NAACP v. Am. Family Mut. Ins. Co.*, 978 F.2d 287, 292 (7th Cir. 1992)). Two claims may arise from the same transaction for Rule 54(b) purposes "provided that the facts and theories are sufficiently distinct." *NAACP*, 978 F.2d at 292. Two legal theories are sufficiently distinct if they call for proof of substantially different facts. *Id.* The underlying purpose in ensuring separation between the adjudicated and unadjudicated claims is to ensure the appellate court doesn't issue advisory opinions on the remaining claims. *See Kohler*, ¶ 19 (If the Montana Supreme Court decides the merits of an improper Rule 54(b) appeal it "would be deciding claims which are still technically pending in the District Court.").

In this case, Plaintiffs' First and Second claims rely on distinct facts and legal theories from the remainder of their claims. Claims I and II challenge the constitutionality of SB 319 under Article V, section 11 of the Montana Constitution. (Doc. 5, ¶¶ 21–56). The legal arguments—whether SB 319 violates the single-subject rule or whether SB 319's purpose changed—rely on the procedural history of the statute. (Doc. 5, ¶¶ 21–38). By contrast, the remaining claims allege substantive violations of the United States and Montana Constitution's bill of rights. (Doc. 5, ¶¶ 58, 66, 70, 83). The remaining claims don't rely on SB 319's procedural history and don't overlap with the legal arguments related to Claims I and II.

The distinctiveness between the adjudicated claims, Claims I and II, and the remaining claims militates toward certifying the Order as final under the first and third *Roy* factors. *See Weinstein*, 898 P.2d at 105. The adjudicated claims bear no substantial relationship, factually or legally, to the remaining claims. *See Roy*, 188 Mont. at 87, 610 P.2d at 1189 (setting the first factor as the relationship between the adjudicated and unadjudicated claims). On appeal, it is unlikely the Montana Supreme Court might be obliged to consider the same issue a second time because the facts and legal theories between the adjudicated and unadjudicated claims don't overlap. *Id.* (setting the third factor as "the possibility that the reviewing court might be obliged to consider the same issue a second time."). Certification of the Order as final presents no risk of an advisory opinion on the remaining claims and satisfies the requirements of Rule 54(b).

ORDER | 5

Claims I and II also provide an independent basis for relief separate from the remaining claims. The Court also determined Plaintiffs' possess standing and this case is otherwise justiciable. (Doc. 61 at 4–6). In short, future developments in this Court will not moot an appeal. *Roy*, 188 Mont. at 87, 610 P.2d at 1189.

Certifying the Order for immediate appeal will allow the parties to resolve this matter as expeditiously as possible. The Court's Order grants the precise relief available to Plaintiffs. Adjudication of the remaining claims will neither increase nor decrease the scope of the relief afforded to the Plaintiffs. Immediate appeal is the wise and efficient course to resolve this case.

## ORDER

There being no just reason to delay appeal of Claims I and II in this case, this Court's February 3, 2022 Order on Motion for Summary Judgment is a final order and therefore subject to immediate appeal pursuant to Rule 54(b) of the Montana Rules of Civil Procedure.

DATED this 4th day of May, 2022.

MIKE MENAHAN
District Court Judge

c: Brent Mead
David Dewhirst
Emily Jones
Raph Graybill
Rylee Sommers-Flanagan
Constance Van Kley

ORDER | 6